RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
JAN 15 2025
DANIEL J. McCOY, CLERK
BY:_____ MB

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:18-CR-00183-01** |
| **VERSUS** | **JUDGE DRELL** |
| **NACORVRICK GREEN (01)** | **MAGISTRATE JUDGE WHITEHURST** |

**RULING AND ORDER**

Before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed *pro se* by Defendant, Nacorvrick Green ("Green"). (Doc. 132). Green filed a memorandum in support. (Doc. 136). The Government was ordered to file a response specifically addressing issues raised by the Supreme Court decisions in N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1, 142 S. Ct. 2111 (2022), and Rehaif v. United States, 588 U.S. 225, 139 S. Ct. 2191 (2019). (Doc. 138). The Government filed its memorandum in opposition (Doc. 141) and Green replied (Doc. 142). It being apparent from the files and records of the case as well as the briefing of the parties that Green is not entitled to relief, Green's motion is **DENIED**.

**I.   BACKGROUND**

Nacorvrick Green is a repeat felony offender. Prior to his arrest on June 25, 2018 for violating 18 U.S.C. § 922(g)(1), the felon in possession statute, Green had pleaded guilty or nolo contendere to at least seven different drug related felonies and sentenced to one or more years confinement on four separate occasions. (See Doc. 107-1). Green knew that he was a felon and that he was prohibited from possessing a firearm when he was arrested on June 25, 2018. (Doc. 121, pgs. 14-15).

1

Green immediately retained counsel following his arrest. (Doc. 3). He enrolled two additional attorneys shortly after the indictment was issued. (Doc. 17). Green filed two motions to suppress evidence (Docs. 30 and 54), which were denied (Doc. 94). Green ultimately pleaded guilty to violating 18 U.S.C. § 922(g)(1) on December 2, 2019. (Doc. 100). With the Court's consent, his guilty plea was conditioned on the outcome of his appeal of the unfavorable ruling on his motions to suppress evidence. (Doc. 102).

The U.S. Supreme Court issued its decision in Rehaif v. United States on June 21, 2019, prior to Green's entry of a guilty plea, but after his arrest and indictment. 588 U.S. 225. Rehaif imposed a *mens rea* element for 18 U.S.C. 922(g) violations that had not previously been required – namely that a defendant must know that he/she is a member of the specified class of persons prohibited from possessing firearms – i.e. a felon, illegal immigrant, fugitive from justice, etc. Id. at 237. Cognizant of this, the Court was clear throughout its colloquy with Green that Green understood each of the elements of the offense, including that Green knew he was a felon:

> THE COURT: In order for you to be found guilty of that crime, the government would have to prove each of the following elements beyond a reasonable doubt:
>
> First, that you knowingly possessed the firearm as charged;
>
> Second, that before you possessed the firearm, you had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year;
>
> Third, that you knew you were prohibited from possessing the firearm; and
>
> Fourth, that the firearm possessed traveled in or affected interstate or foreign commerce; that is, before you possessed the firearm, it had traveled at some time from one state to another or between any part of the United States and any other country.
>
> Now, I want to say one thing about this to you. It says that you knew you were prohibited from possessing the firearm. That translates another way to say that you were aware that you were a felon; that is, you knew you had

2

> been convicted of an offense with a penalty of in excess of one year. Okay? Do you understand?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand all those elements?
>
> THE DEFENDANT: Yes, sir. (Doc. 121, pgs. 14-15) (emphasis added)

The sentencing hearing was held via video conference on September 24, 2020 and Green was sentenced to 180 months of imprisonment. (Docs. 114 and 116). The Court considered the 18 U.S.C. § 3553(a) sentencing factors, the pre-sentence investigation report and memoranda filed by Green (Doc. 109) and the government (Doc. 107), and the statutory minimum provided by 18 U.S.C. 924(e)(1) in determining his sentence.

The PSR, presentencing memoranda, and accompanying exhibits identified the following criminal convictions for drug offenses:

> Date of Offense; Charge(s); Vermillion Parish Criminal No.; Louisiana Statute
>
> 1. 3/15/1999; Distribution of Cocaine (three counts); 2000-CR-35819, 35820, 35821; La. R.S. 40:967 (Doc. 107-1, pgs. 6-15; Doc. 126, pg. 10);
>
> 2. 10/29/1999; Possession of Cocaine with Intent to Distribute; 2000-CR-35564; La. R.S. 40:967 (Doc. 107-1, pgs. 3-5; Doc. 126, pg. 9);
>
> 3. 1/27/2005; Attempted Possession of Schedule 1 Substance with Intent to Distribute; 2005-CR-106610; La. R.S. 40:966 (Doc. 107-1, pgs. 16-18; Doc. 126, pg. 11);
>
> 4. 3/28/2006; Possession of Cocaine with Intent to Distribute; 2006-CR-45657; La. R.S. 40:967; (Doc. 107-1, pgs. 19-21; Doc. 126, pg. 11);
>
> 5. 9/16/2013; Possession of Marijuana; 2013-CR-143714; La. R.S. 40:966D(2) (Doc. 107-1, pgs. 19-26, Doc. 126, pg. 41).

Although Green had never been sentenced for ten years or longer, each of his prior drug convictions carried a maximum sentence of at least ten years. See La. R.S. §§ 40:966 (version in effect in 2005, 2013, 2018-2020), 40:967A and B (version in effect 1999, 2000, 2006, 2018-2020).

3

Four of these offenses involved the distribution of or possession with the intent to distribute a Schedule 1 or 2 controlled substance.

Green has filed the instant "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" alleging ineffective assistance of counsel and a change in law that renders him innocent. Specifically, Green alleges that he had ineffective assistance of counsel because his attorneys (1) failed to challenge the allegedly deficient indictment (Grounds 1 and 3), failed to object to alleged misrepresentations contained within the PSR (Ground 5), and failed to raise various issues on appeal (Ground 6). Green further contends that the recent U.S. Supreme Court decision in Bruen has overturned the felon in possession statute (Ground 2) and that his prior felony convictions are invalid and thus cannot be considered for purposes of the enhancement sentencing (Ground 4).

## II. PROCEDURAL POSTURE

Green was arrested on June 25, 2018. (Doc. 5). He was indicted on July 13, 2018. (Doc. 11). The Rehaif decision was released on June 21, 2019. Green pleaded guilty on December 2, 2019. (Doc. 100). Green was sentenced on September 24, 2020 to 180 months incarceration in accordance with the ACCA mandatory minimum provided by 18 U.S.C. § 924(e). (Doc. 114). Notwithstanding the statutory mandatory minimum, Green's sentence was within the sentencing guidelines range of 168-210 months given his total offense level of 30 and criminal history category of VI. (Doc. 126); see also U.S. Sentencing Guidelines Manual ch. 5, pt. A, sentencing table.

In concordance with the plea agreement, Green appealed an adverse ruling on multiple motions to suppress. (Doc. 117). The Fifth Circuit affirmed this Court's judgment and denied Green's appeal on July 12, 2021. (Doc. 131). Green declined to file a *writ of certiorari* to the U.S.

Supreme Court, which would have been due October 10, 2021, ninety (90) days after his appeal was denied.

Green never challenged the indictment. Any direct challenge to the indictment has been foreclosed through his guilty plea. It is well established that a valid guilty plea waives all non-jurisdictional defects in an indictment. See e.g. United States v. Smith, 598 F. App'x 219, 220 (5th Cir. 2014); United States v. Daughenbaugh, 549 F.3d 1010, 1012 (5th Cir. 2008); Pressley v. Smith, 441 F.2d 382, 383 (5th Cir. 1971). Rather, Green asserts ineffective assistance of counsel for his attorneys' failure to challenge the indictment. Green did not object to the pre-sentencing report. Rather, Green asserts ineffective assistance of counsel for his attorneys' failure to do so.

As discussed *infra*, the standard for ineffective assistance of counsel provides a degree of strategic deference to counsel. This deference does not, however, prevent a defendant from asserting claims that he would not otherwise have been permitted to bring on appeal. Massaro v. United States, 538 U.S. 500, 504, 123 S. Ct. 1690 (2003).

### III. LEGAL STANDARD

#### A. Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).[1] Only a narrow set of claims are cognizable on a §

---

[1] An action under 28 U.S.C. § 2255 must be brought within one year of the date on which the (1) judgment of conviction becomes final; (2) impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. Although Green's motion was not filed into the record until October 13, 2022 – outside of the one-year prescriptive period from the date his conviction became final following appeals – it is considered timely pursuant to the prison mailbox rule because it was timely paced in the prison mailbox system prior to the expiration of the statute of limitations. See Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 2385 (1988).

5

2255 motion. The statute identifies four bases on which the motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." Id. A claim of error that is neither constitutional nor jurisdictional is not cognizable in a § 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a *complete miscarriage of justice*." United States v. Addonizio, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979) (quoting Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962)) (emphasis added); Reed v. Farley, 512 U.S. 339, 354, 114 S. Ct. 2291, 2300 (1994).

The petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. See Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. Brecht v. Abrahamson, 507 U.S. 619, 629-30, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. Id. at 637-38 (citation omitted); see also United States v. Chavez, 193 F.3d 375, 379 (5th Cir. 1999) (applying Brecht in a Section 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of

[their] allegations." United States v. Edwards, 442 F.3d 258, 264 (5th Cir. 2006) (quoting United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Even if a petitioner wishes to assert issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them. To raise an issue for the first time on collateral review, a petitioner must show both "cause" for his procedural default and "actual prejudice" resulting from the error. United States v. Frady, 456 U.S. 152, 167, 102 S. Ct. 1584, 1594 (1982); United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991). To establish "cause," the defendant must show that some external impediment prevented him from raising the claim on direct appeal. See United States v. Flores, 981 F.2d 231, 235 (5th Cir. 1993) (applying the same "cause" standard to a prisoner's second § 2255 motion). To meet the "actual prejudice" test, he must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Shaid, 937 F.2d at 233 (quoting Frady, 456 U.S. at 170) (internal quotations omitted).

### B. Ineffective Assistance of Counsel

The general rule prohibiting a defendant from raising claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel. Massaro, 538 U.S. at 504. This "procedural default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. at 504. Requiring a criminal defendant to bring claims of ineffective assistance of counsel on a direct appeal does not promote these objectives. Id. A claim of ineffective assistance of counsel cannot be properly resolved on appeal because there has been no opportunity to develop the record on the merits of these allegations. Id. Thus, a criminal defendant is permitted to bring ineffective assistance of counsel

7

claims in a collateral proceeding under Section 2255, regardless of whether such claims could have been raised on direct appeal. See id.

To prevail on claims of ineffective assistance of counsel, a claimant must prove: (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); Bryant v. Scott, 28 F.2d 1411, 1414-15 (5th Cir. 1994).

Under the first prong of the Strickland analysis, a claimant must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. The court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence. See id. at 690. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id.

Under the second prong of the Strickland test, a claimant must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. A claimant must demonstrate that the attorney's errors "were so serious as to render the proceedings unreliable and fundamentally unfair." United States v. Saenz-Forero, 27 F.3d 1016, 1021 (5th Cir. 1994) (citation omitted). If a claimant fails to establish either prong of the Strickland test, his claim of ineffective assistance of counsel must be denied. See Bryant, 28 F.3d at 1415.

Courts are particularly reluctant to set aside guilty pleas on assertions of ineffective assistance of counsel claims when said pleas are made voluntarily and knowingly. In the context of a guilty plea, the defendant must show "that there is a reasonable probability that, but for

8

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." United States v. Tran, No. 21-30608, 2022 U.S. App. LEXIS 35320, at *10 (5th Cir. Dec. 21, 2022) (quoting Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)). The Supreme Court set forth this principal succinctly in Tollett v. Henderson:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann [v. Richardson, 397 U.S. 759, 770, 90 S. Ct. 1441, 25 L. Ed. 2d 763, (1970)].
>
> A guilty plea, voluntarily and intelligently entered, may not be vacated because the defendant was not advised of every conceivable constitutional plea in abatement he might have to the charge, no matter how peripheral such a plea might be to the normal focus of counsel's inquiry. And just as it is not sufficient for the criminal defendant seeking to set aside such a plea to show that his counsel in retrospect may not have correctly appraised the constitutional significance of certain historical facts, ... it is likewise not sufficient that he show that if counsel had pursued a certain factual inquiry such a pursuit would have uncovered a possible constitutional infirmity in the proceedings.

411 U.S. 258, 267, 93 S. Ct. 1602, 1608 (1973). In effect, Tollet prevents courts from engaging in a theoretical *post hoc* review of every avenue of delay or attack that could have been pursued no matter the merits. Rather, it recognizes the importance of protecting defendants' constitutional rights while acknowledging the need for finality when a defendant knowingly and willing confesses their guilt.

### C. Consideration of *Pro Se* Motions

Courts liberally construe the pleadings of *pro se* litigants and apply less stringent standards to the briefings of *pro se* parties than to those represented by counsel. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). As a result, the Court will consider authorities not cited, but potentially

9

pertinent to Green's claims. See United States v. Reece, 938 F.3d 630, 633 n.2 (5th Cir. 2019) (noting that the court would consider recent Supreme Court developments not briefed). Nonetheless, *pro se* parties must still brief the issues. Grant, 59 F.3d at 524. Mere conclusory allegations are insufficient to raise a constitutional issue and *pro se* litigants are not absolved of the need to advance their own legal and factual analysis. See United States v. Woods, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam); see also Oliver v. Bankfirst, 552 F. App'x 357, 357 (5th Cir. 2014) (per curiam).

## IV. ANALYSIS

Green alleges six grounds to overturn his conviction or sentencing. These can be succinctly boiled down to two primary alleged bases – ineffective assistance of counsel and constitutional challenges. Neither set has merit.

### A. Challenges on Recent Constitutional Decisions

Green appears to assert three constitutional challenges. First, he asserts that the recent U.S. Supreme Court decision in N.Y. State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1, rendered the felon in possession statute unconstitutional (Ground 2). Next, Green asserts that his prior convictions cannot be considered under the ACCA pursuant to the U.S. Supreme Court rulings in Mathis v. United States, 579 U.S. 500, 136 S. Ct. 2243 (2016), and Shular v. United States, 589 U.S. 154, 140 S. Ct. 779 (2020). Green also suggests that his prior convictions were constitutionally invalid, likely in response to the Supreme Court decision in Ramos v. Louisiana, 590 U.S. 83, 140 S. Ct. 1390 (2020), eliminating split-jury verdicts as well as Louisiana's independent decision to eliminate split-jury verdicts (Ground 4). Finally, Green claims that the Supreme Court decision in Rehaif imposing a *mens rea* element to the unlawful possession statute rendered his indictment

legally deficient (Ground 3). He advances the Rehaif argument through an ineffective assistance of counsel claim and it will be addressed there.

### a. Bruen did not render the felon in possession statute unconstitutional. (Ground 2)

Green pleaded guilty on December 2, 2019. The United States Supreme Court issued its decision in Bruen on June 23, 2022. Green claims that Bruen invalidates the felon in possession statute. The Court does not agree with Green's assessment. Bruen involved a New York statute requiring persons to demonstrate a "special need for self-defense" in order to obtain a public-carry handgun license. Bruen, 597 U.S. at 11. The Supreme Court reaffirmed the right of "law-abiding citizens" to keep and possess firearms for self-defense. Id. at 32. The Supreme Court, as it had previously done in Heller[2] and McDonald,[3] emphasized that the right belonged to "law-abiding citizens."

Bruen itself does not address the felon in possession statute. The majority does not even reference it. Bruen cannot be reasonably read to invalidate 18 U.S.C. § 922(g)(1). To the extent that a court may reach an opposite conclusion, this Court is bound by Fifth Circuit jurisprudence and the Court is unaware of any decision from the Fifth Circuit Court of Appeals holding the felon in possession statute unconstitutional. Accordingly, Green's challenge fails.

### b. Defendant's prior convictions have not been deemed unconstitutional (Ground 4)

Green requests that this Court hold this matter as stayed in abeyance pending resolution of his state law convictions. He asserts that these convictions were unconstitutional and may be

---

[2] District of Columbia v. Heller, 554 U.S. 570, 723, 128 S. Ct. 2783, 2870 (2008). The Court in Heller reestablished the second amendment right of law-abiding citizens to own handguns for self-defense. The Court reasoned that the term "the people" within the second amendment was limited to law-abiding persons.
[3] McDonald v. City of Chi., 561 U.S. 742, 886, 130 S. Ct. 3020, 3105 (2010). McDonald reiterated that the second amendment rights confirmed in Heller extended beyond the District of Columbia, but again insisted on the right belonging to "law-abiding citizens."

11

overturned in the imminent future. He puts on no evidence or arguments to support these assertions. While this Court will afford *pro se* plaintiffs significant leeway to advance their contentions, the Court is not obliged to perform a *pro se* plaintiff's research or furnish their arguments for them.

Green is likely referring to the 2018 amendment to the Louisiana Constitution eliminating non-unanimous juries in the state, the 2020 U.S. Supreme Court decision in Ramos v. Louisiana, 140 S. Ct. 1390 (2020), or ongoing legislative efforts to provide relief to defendants convicted by non-unanimous juries. Unfortunately for Green, the Court is not aware of any legislation that has passed that would apply the 2018 amendment retroactively or to guilty pleas. The U.S. Supreme Court has clearly stated that Ramos does not apply retroactively on federal collateral review. See Edwards v. Vannoy, 141 S. Ct. 1547, 1562 (2021). The Louisiana Supreme Court has rejected retroactivity of state collateral review. See State v. Reddick, 2021-01893 ( La. 10/21/22), 351 So. 3d 273, 274. Ground 4 has no merit.

### B. Ineffective Assistance of Counsel Claims (Grounds 1, 3, 5, and 6)

Green asserts three variations of ineffective assistance of counsel as a collateral attack on his conviction and sentencing. He claims that his attorneys were ineffective by failing to challenge an allegedly defective indictment, that they were ineffective in failing to object to the pre-sentence investigation report, and that they were ineffective in failing to raise these issues and the constitutional claims discussed *supra* on appeal.

> **a. His attorneys' decision not to challenge the allegedly defective indictment or file a pre-trial motion to dismiss was not unreasonable. (Grounds 1 and 3)**

Green claims that the indictment was defective in three ways. First, the indictment failed to exactly track 18 U.S.C. § 922(g)(1) by omitting the word "unlawful." Next, he alleges that the

indictment fails to satisfy the jurisdictional element that the firearm be involved in interstate commerce. Finally, he asserts that the indictment omitted an essential element by failing to include knowledge of his felon status in accordance with Rehaif.

The indictment reads:

> On or about June 13, 2018, in the Western District of Louisiana, the defendant, NACORVRICK GREEN, having previously been convicted in the 15th Judicial District Court, in and for the Parish of Lafayette, of a crime punishable by imprisonment for a term exceeding one (1) year, did knowingly possess a firearm and ammunition, namely: one (1) Ruger, Model LCP, .380 semi-automatic pistol, SN 371736860, and six rounds of ammunition, said firearm and ammunition having been shipped and transported in interstate commerce, all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1). [18 U.S.C. §§ 922(g)(1) and 924(e)(1)].

18 U.S.C. § 922(g)(1) provides:

> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

It is not necessary that the charging document specifically use the word "unlawful" to describe the unlawful conduct that the defendant is being charged with. Clay v. United States, 2013 U.S. Dist. LEXIS 205736, *10 ("[W]here the indictment clearly apprised [defendant] that the conduct alleged therein was 'in violation of Sections 922(g)(1) and 924(e), Title 18, United States Code,' the indictment need not have contained the language, 'It shall be unlawful for any person.'").

Green's assertion that the indictment does not implicate the jurisdictional element that the firearm be somehow involved in interstate commerce is false on its face. The indictment specifically states that the firearm and ammunition had "been shipped and transported in interstate commerce."

Neither allegation has merit and thus cannot form the basis of an ineffective assistance of counsel claim.

Green's assertions regarding the *mens rea* requirement established by Rehaif are more colorable but fail to satisfy the Strickland test. To be clear, Green has at all pertinent times known that he is a felon and that he is prohibited by law from possessing a firearm. This element was explicitly set forth and understood by Green during the colloquy during his guilty plea and, as the Supreme Court aptly noted in Greer v. United States, "Convicted felons typically know they're convicted felons." 41 S. Ct. 2090, 2104 (2021) (quoting United States v. Lavalais, 960 F. 3d 180, 184 (2020)).

The Strickland analysis then requires us to consider whether Green's counsel's actions fell below the level of reasonableness and, if so, whether they were prejudicial. 466 U.S. at 687. Green must demonstrate both and he cannot.

The Supreme Court's decision in Rehaif was issued after the indictment was first filed, before Green entered his guilty plea, and well within the five-year period for the Government to file a superseding indictment or a bill of information. Although Rehaif applied to all classes of prohibited persons under 922(g), the facts of that case specifically related to illegal aliens in possession of a firearm and "express[ed] no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other §922(g) provisions not at issue here." 588 U.S. at 237. Little to no post-Rehaif guidance existed prior to Green's guilty plea. Regardless, as a practical matter, challenging the indictment could have done little more than to cause delay. This is precisely the type of technical violation that the U.S. Supreme Court has long rejected in ineffective assistance of counsel claims. See Premo v. Moore, 562 U.S. 115, 126, 131 S. Ct. 733, 742 (2011) (holding that counsel's decision not to pursue a non-dispositive motion

to suppress that could have caused delay in reaching plea deal was part of strategic calculus). This cannot be considered outside the realm of reasonableness required under Strickland.

Similarly, Green cannot establish any prejudice from his counsel's failure to file a meritless pre-trial motion to dismiss. Prejudice is determined by the outcome of the overall proceedings, not by the outcome at any specific stage. Strickland v. Washington, 466 U.S. 668, 693, 104 S. Ct. 2052, 2067 (1984) ("It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, cf. United States v. Valenzuela-Bernal, 458 U.S. 858, 866-867 (1982), and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding."); see also United States v. Timmreck, 441 U.S. 780, 782, 99 S. Ct. 2085, 2086 (1979) (upholding guilty plea despite district judge's failure to advise defendant of mandatory parole term).

### b. There was no basis to challenge consideration of Green's prior felony convictions under the ACCA. (Ground 5)

Green asserts that the Supreme Court decisions in Shular v. United States and Mathis v. United States render his prior felony convictions ineligible as predicate offenses for sentence enhancement under the ACCA. Shular, 589 U.S. 154; Mathis, 579 U.S. 500. Green claims that the federal definition of cocaine is narrower than the Louisiana definition and thus, conduct under the Louisiana law does not fit within the category of considerable offenses under the ACCA. In Shular, the Supreme Court held that a prior drug conviction under Florida law qualified as a serious drug offense within the meaning of the ACCA because the "the state offense involve[d] the *conduct* specified in the federal statute; [the ACCA] does not require that the state offense match certain generic offenses." 589 U.S. at 157 (emphasis added). The Fifth Circuit has clarified that Shular

"broadens the understanding of 'a serious drug offense' by focusing on the underlying *conduct*." United States v. Prentice, 956 F.3d 295, 300 (5th Cir. 2020) (emphasis and quotations in original).

Courts in the Fifth Circuit have continued to hold that violations of La. R.S. §§ 40:966 and 40:967 constitute "serious drug offenses" for purposes of the ACCA post Shular. See United States v. Barlow, 17 F.4th 599, 604 (5th Cir. 2021) ("[C]onvictions under [La. R.S.] Section 40:966(A) for 'possession with intent to distribute' are 'serious drug offenses' for the purpose of sentence enhancement under the ACCA."); Alexander v. Myers, 2022 U.S. Dist. LEXIS 169151, at *7 (W.D. La. Mar. 2, 2022) (holding distribution of cocaine under Louisiana statutes qualified for enhancement under the ACCA); see also United States v. Bass, 996 F.3d 729, 735-742 (5th Cir. 2021) (holding that convictions for "possession with intent to deliver" under Arkansas law qualified as "serious drug offenses" under the ACCA).

Green's prior convictions under La. R.S. §§ 40:966 and 40:967 are akin to those in Barlow and Myers. Based on the Fifth Circuit's finding in Barlow and this district's finding in Myers, Green's Shular claim fails.

### c. Green's attorneys were not ineffective by failing to raise his other complaints on appeal. (Ground 6)

As discussed *supra*, none of Green's complaints pass muster. Defense counsel "does not need to 'raise every nonfrivolous ground of appeal available.'" United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999) quoting Green v. Johnson, 160 F.3d 1029, 1043 (5th Cir. 1998); see also Evitts v. Lucey, 469 U.S. 387, 394, 105 S. Ct. 830, 835 (1985) (appellate counsel "need not advance every argument, regardless of merit, urged by the appellant" to be effective).

Green must show that his attorneys made errors so serious that under the totality of the circumstances, their representation was outside the wide range of professionally competent assistance and that but for these errors, there is a reasonable probability that the result of the

proceedings would have been different. <u>Strickland</u>, 466 U.S. at 694. Green cannot demonstrate either element.

## V. CONCLUSION

It being apparent from the briefing of the parties and the files and records of the case that Green is not entitled to relief under 28 U.S.C. § 2255, it is hereby **ORDERED, ADJUDGED, and DECREED** that Nacorvrick Green's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **DENIED**.

THUS DONE AND SIGNED at Alexandria, Louisiana this 15th day of January 2025.

                        DEE D. DRELL, SENIOR JUDGE
                        UNITED STATES DISTRICT COURT