UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:18-CR-00183-01** |
| **VERSUS** | **JUDGE DRELL** |
| **NACORVRICK GREEN (01)** | **MAGISTRATE JUDGE WHITEHURST** |

## RULING AND ORDER

Before the Court is a Motion to Alter or Amend a Judgment ("Motion to Reconsider") filed *pro se* by defendant Nacorvrick Green ("Green") pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. 146). Green requests reconsideration of the Court's Order (Doc. 145) denying his Section 2255 Motion to Vacate. (Doc. 132). Green has not demonstrated grounds pursuant to Rule 59(e). Accordingly, his Motion is **DENIED**.

**I.   BACKGROUND**

Green, a repeat felony offender, filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 132) and Memorandum in Support (Doc. 136) asserting six alleged bases for vacating his sentence. Each alleged ground was fully addressed in the Court's Order denying Green's Motion to Vacate. (Doc. 145). Briefly reiterating the reasons for denial: (1) the Court is bound by U.S. Supreme Court and Fifth Circuit Court of Appeals precedent. It is not bound by precedents of other circuits and should not adopt the precedent of sister circuits when the Fifth Circuit Court of Appeals has clearly established controlling precedent; (2) Green's trial attorney was not ineffective for failing to file meritless motions and appeals; and (3) Green has presented no evidence that any of his prior convictions have been overturned, vacated, or otherwise deemed unconstitutional.

Green's present Motion to Reconsider reasserts the same arguments originally raised in his Motion to Vacate and relies on the same sister circuit cases cited in his original memorandum in

1

support. He does not present any newly discovered evidence that was previously unavailable. He does not cite any intervening change in the controlling law.

Green does, for the first time, purportedly introduce evidence that he has challenged his prior felony convictions. He does not introduce any evidence that his challenges have been successful or are likely to be successful. Specifically, Green includes the first page of three separate Uniform Motions to Correct an Illegal Sentence relating to Docket Nos. 35564, 35819-35821, and 45657 ("Motions to Correct"). (Doc. 146-1). None are dated, signed, or file stamped. (Id.). These alleged filings relate to three separate possession of cocaine felony convictions constituting serious drug offenses under the Armed Career Criminal Act. 18 U.S.C. 924(e)(1); (See Doc. 126).

Green also includes a copy of a file-stamped order dated March 5, 2024, signed by Judge Laurie A. Hulin setting a contradictory hearing on April 12, 2024. (Id.). The order does not include a docket number or name the defendant.[1] (Id.). Green includes a second file-stamped order dated May 9, 2024, authorizing an unnamed defendant to appear via Zoom for a hearing on a motion to correct sentence scheduled for August 8, 2024. (Id.). Like the first order, this one does not specify who the defendant is or what docket numbers are under consideration. (Id.). It too is signed by Judge Hulin. (Id.).

Green claims that the hearings on his Motions to Correct were originally set for January 30, 2025, but were subsequently postponed to March of 2025 because his "**retained counsel [was] unprepared to proceed the (sic) Evidentiary Hearing.**" (Doc 146, pg. 6) (emphasis in original). Green has provided no evidence of this.

II.  **LEGAL STANDARD**

  A.  **Motion to Alter or Amend a Judgment Pursuant to Rule 59(e)**

---

[1] Judge Hulin is a judge for the 15th Judicial District of Louisiana where Green's felony convictions occurred.

Reconsideration of a judgment under Rule 59(e) is "an extraordinary remedy that should be used sparingly." Edionwe v. Bailey, 860 F.3d 287, 295 (5th Cir. 2017). A Rule 59(e) motion serves the very narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence. Id. at 294. It is not the proper vehicle to rehash evidence or legal theories that were previously raised or raise arguments that could have been previously offered. Id.; Willbern v. Bayview Loan Servicing, L.L.C., 842 F. App'x 865, 869 (5th Cir. 2021) ("A Rule 59(e) motion is inappropriate to relitigate old matters or raise arguments or claims 'that could, and should, have been made before the judgment issued.'") (quoting Marseilles Homeowners Condo. Ass'n v. Fidelity Nat. Ins. Co., 542 F.3d 1053, 1058 (5th Cir. 2008)). In addition "[t]he Rule 59(e) standard favors the denial of motions to alter or amend a judgment." Willbern, 842 F. App'x at 869; see also Southern Constructors Group, Inc. v. Dynalectric Co., 2 F.3d 606, 611 (5th Cir. 1993) ("[T]he standards applicable to Fed. R. Civ. P. 59(e)…favor the denial of motions to alter or amend a judgment").

### B. Motions to Stay in Abeyance

District courts ordinarily have the discretionary authority to issue stays. Rhines v. Weber, 544 U.S. 269, 276, 125 S. Ct. 1528, 1534 (2005). The Supreme Court has stated that a "stay and abeyance should be available only in limited circumstances." Id. at 277. It "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. Even if a petitioner has good cause for their failure to exhaust their claims in state court prior to requesting a stay in abeyance, the district court should not grant such a stay if the petitioner's unexhausted claims are clearly meritless. Id.

### III. ANALYSIS

Green reasserts the same legal theories in the present Motion to Reconsider that he raised in his Motion to Vacate. Here, as in there, he asks the Court to disregard Fifth Circuit Court of Appeals precedent in favor of case law from the Court's sister circuits. This, the Court will not do. Rule 59(e) motions are not intended to rehash previously raised arguments or arguments that could have been offered earlier. Bailey, 860 F.3d at 294.

To the extent that Green has introduced "new evidence" that was not available at the time of his original motion in the form of the first page of three unsigned, undated, unstamped motions to correct an illegal sentence and two orders for hearings in unspecified matters relating to unspecified defendants scheduled for 2024, these exhibits are wholly insufficient to warrant the extraordinary remedy of a stay in abeyance. When a petitioner fails to exhaust their state court remedies, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines, 544 U.S. at 277. Green has provided no reason why he failed to exhaust, or even invoke, his state court remedies prior to seeking a stay in abeyance. Ostensibly, Green sought the stay in abeyance because of Section 2255's one year statute of limitations but that does not excuse his delay in seeking state court remedies. According to Green, he filed his motions to correct an illegal sentence on March 1, 2024 – one year, four months, and seventeen days after he filed his Motion to Vacate.

Even when good cause is shown, it is an abuse of discretion to grant a stay where the unexhausted claims are meritless. Id. Green has not advanced any arguments to support the merits of his Motions to Correct other than bald assertions of unconstitutionality. To the best of the Court's knowledge, distribution of cocaine remains illegal in Louisiana and constitutes a predicate offense for purposes of the Armed Career Criminal Act. Green's state court motions appear meritless.

IV. CONCLUSION

Reconsideration of a judgment is an extraordinary remedy that serves the very narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence. Green recites the same erroneous arguments contained in his original motion and does not present any newly discovered evidence.

A stay in abeyance is also an extraordinary remedy. Green fails to account for his failure to seek, let alone exhaust, state court remedies prior to requesting a stay in abeyance and has not presented anything more than conclusory allegations regarding the merits of any state court claims.

In neither instance has Green satisfied the requirements for the extraordinary remedies he requests.

Accordingly,

**IT IS ORDERED** that Defendant, Nacorvrick Green's Motion to Alter or Amend a Judgment is **DENIED**.

THUS DONE AND SIGNED at Alexandria, Louisiana this 28th day of February 2025.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT